# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50650
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR OCTAVIO CASTILLO-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-31-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

   Cesar Octavio Castillo-Gonzalez was convicted of one charge of visa fraud and was sentenced to serve three years on probation.  Now, he appeals the eight-year prison sentence imposed by the district court following revocation of his probation.  First, he argues that his sentence, which exceeds the four-to-ten-month range recommended by the Guidelines' policy statements, is procedurally unreasonable because it was primarily grounded

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his immigration status and the state conviction that led to the revocation. Next, he contends that his sentence is substantively unreasonable because the district court did not properly account for all of the pertinent sentencing factors.

Because Castillo-Gonzalez did not raise his procedural unreasonableness arguments in the district court, they are reviewed for plain error only. *See United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013). To establish plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Castillo-Gonzalez has not met this standard.

Our review of the record shows that the district court's choice of sentence was grounded in its balancing of Castillo-Gonzalez's history and characteristics, the nature and circumstances of the violation conduct, the severity of the violation conduct, the need for deterrence, the desire to encourage respect for the law, and the need to protect the public from him. These are proper considerations. *See* 18 U.S.C. § 3565(a); 18 U.S.C. § 3553(a); *United States v. Kippers*, 685 F.3d 491, 499 (5th Cir. 2012). Additionally, the record shows that the district court had "a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v. United States*, 551 U.S. 338, 356 (2007). Castillo-Gonzalez has shown no procedural error, plain or otherwise, in connection with his sentence.

Because Castillo-Gonzalez objected to the reasonableness of his sentence, review of his substantive unreasonableness claim is for an abuse of discretion. *See Kippers*, 685 F.3d at 499-500. He has not met this standard,

No. 15-50650

as he has not shown that the district court ignored an important sentencing factor, relied upon an improper factor, or made a "clear error of judgment" when weighing the § 3553(a) factors. *See Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted). Rather, Castillo-Gonzalez's arguments are, in essence, a request for this court to reweigh the § 3553(a) factors. We decline to do so. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.